■ A. Ancelmo Trucking Co. Inc. et al., Appellants-Respondents, v. Herbert J. Durkee, Doing Business as Durkee Motors, Defendant, and General Motors Corporation, Respondent-Appellant.— Defendant General Motors Corporation moved to dismiss plaintiffs' complaint herein as to it. The first cause of action was based on contract to recover for breach of an express warranty and the second cause of action is in negligence. The order of Supreme Court, Albany County, dismissed the second cause of action and plaintiff appeals. Defendant General Motors Corporation cross-appeals from the denial of its motion to dismiss the complaint in its entirety. The motion to dismiss pursuant to rule 106 of the Rules of Civil Practice was made only by the defendant General Motors Corporation. The first cause of action alleges General Motors, with knowledge of the use for which plaintiffs intended them, sold 10 dump trucks to plaintiffs, who, relying on defendant's warranty that they were fit for the intended purposes, paid the sum of $133,603.50 therefor. There is also the allegation that General Motors advertised the model of the truck purchased as fit for such purposes as plaintiffs intended and of merchantable quality; that it knew the trucks purchased were essential to plaintiffs' business in the fulfillment of contracts with others; and that it knew that the trucks were not as represented. It is further alleged that the trucks were defectively manufactured and broke down when used by plaintiffs. Defendant contends the general allegation that the "defendants" sold them the trucks must be modified by the specific allegation in paragraph sixteenth of the second cause of action that the trucks were sold by defendant Durkee, a retail dealer of General Motors. The allegation in the fourth paragraph of the first cause of action is that the "defendants" sold the trucks to plaintiffs while the allegations in the second cause of action allege that Durkee sold the trucks. This is inconsistent but section 258 of the Civil Practice Act permits joinder of causes of action "regardless of consistency". The allegations in the second cause of action that Durkee sold the trucks do not detract from the efficacy of the allegations in the first cause of action as a matter of pleading. Defendant further contends that the purported warranties are inadequately alleged. It was alleged that plaintiffs informed defendants prior to the sale of the uses

to which they were to be put and that defendants warranted that the trucks were of a size, weight, power, and construction that they could be used for such purposes. The exact representations, which plaintiffs claim amount to express warranties, can be obtained by a bill of particulars. The pleading in its present form contains the essential allegations of ultimate facts that an express warranty was made. The Special Term correctly denied the motion to dismiss the first cause of action on these grounds. The second cause of action realleges the allegations of the first cause of action but, as mentioned, specifically states that plaintiffs purchased the trucks from the defendant Durkee. It then alleges that, after being put into use, they broke down and failed to operate properly as a result of the negligence of the "defendants", and that the negligence of General Motors consisted of manufacturing, selling and delivering trucks which were in dangerous and defective condition, in using inferior materials, in failing to inspect them, and in aggravating their defective conditions by making defective repairs to them in attempting to correct the original omissions. Special Term correctly dismissed the second cause of action as insufficient on the ground the tort liability of a manufacturer has not been extended to protect a purchaser of goods from an intermediate vendor against loss from defects in quality in the absence of damages incurred through accidental means. (*Lucette Originals* v. *General Cotton Converters,* 8 A D 2d 102; *A. J. P. Contracting Corp.* v. *Brooklyn Builders Supply Co.,* 171 Misc. 157, affd. 258 App. Div. 747, affd. 283 N. Y. 692; *Trans World Airlines* v. *Curtiss-Wright Corp.,* 1 Misc 2d 477, affd. 2 A D 2d 666.) Order unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.