OPINION OF THE COURT
Stanley L. Sklar, J.
These motions to dismiss raise significant issues concerning *746 the nature in New York State of causes of action for indemnity and restitution. Can the plaintiffs, New York City and its Board of Education, which are incurring costs in their program for the abatement of asbestos in the public schools, assert a cause of action against defendant asbestos manufacturers, installers, etc., for the cost of the abatement program, which cause of action is not grounded upon a duty of defendants to abate, but upon their claimed negligence or liability in strict products liability? I hold that they have causes of action for indemnity and restitution, which have now been adequately pleaded.
FACTS
Defendants moved to dismiss the original complaint for failure to state a cause of action. Justice Wallach, in an order dated November 18, 1985, partially granted and partially denied the motion to dismiss. The first cause of action, denominated "Restitution”, was dismissed without prejudice to its repleader in an amended complaint.
The thrust of that cause of action was that the defendants, who "mined, processed, manufactured * * * designed * * * sold * * * delivered, [and] installed” asbestos, "wrongfully caused plaintiffs’ school buildings to become contaminated by a dangerous toxic substance”. Plaintiffs claimed that, because of this contamination, they were compelled to expend funds and further, because of the continuing hazard, will, in the future, have to spend additional sums to inspect, abate, remove and correct this condition. Plaintiffs also alleged that because they performed the defendants’ duty, defendants should abate the unsafe conditions and make restitution in the amount of $250,000,000.
The instant motions seek dismissal of the revised first cause of action set forth in plaintiffs’ "First Amended Verified Complaint”, dated December 6, 1985, on the ground that it again fails to state a cause of action.
An examination of the motion papers submitted reveals that the parties disagree about the meaning of Justice Wallach’s order, which set forth the pleading deficiencies with respect to the first cause of action.
Before turning to each side’s suggested interpretation of the order, there is a threshold issue that I must address. That issue is the distinction between restitution and indemnity. Plaintiffs denominated the first cause of action "Restitution”. *747 The order, however, refers to the first cause of action both as one for restitution and for indemnity. These are two distinct causes of action, with different elements. The Restatement of Restitution sets forth the rules with respect to indemnity and restitution. Section 76 states with respect to indemnity: "A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct.” Section 115 states with respect to restitution:
"A person who has performed the duty of another by supplying things or services, although acting without the other’s knowledge or consent, is entitled to restitution from the other if
"(a) he acted unofficiously and with intent to charge therefor, and
"(b) the things or services supplied were immediately necessary to satisfy the requirements of public decency, health, or safety.”
While sections 76 and 115 are similar in that the party seeking indemnity or restitution has performed the duty of the party from which it seeks to recover, there are differences. For example, under section 76 the party seeking indemnity also has an independent duty to discharge that for which it is seeking indemnity. Under section 115, on the other hand, the party seeking restitution is not under a duty to perform that for which it seeks restitution. Indeed, the chapter containing section 115 is entitled "Benefits Voluntarily Conferred”. Similarly, while section 115 requires that the act performed be in the nature of an emergency measure necessary to preserve public decency, health or safety, section 76 has no such requirement.
Both sections give rise to valid causes of action in New York. (State of New York v Schenectady Chems., 103 AD2d 33, 38-39 [3d Dept 1984]; State v Stewart’s Ice Cream Co., 64 NY2d 83, 88 [1984]; McDermott v City of New York, 50 NY2d 211, 217 [1980].)
Turning now to the order, it appears from the substance of the section dealing with the first cause of action, that Justice Wallach was referring to indemnity. The order not only cites Stewart and McDermott (supra) which are indemnity cases, but it also states that "the operative allegation in the first *748 cause of action is the existence of a legal duty on plaintiffs’ part”. As already discussed, a cause of action for restitution does not require a duty on plaintiffs’ part.
Accordingly, when I discuss the parties’ contentions with respect to the import of the order, I shall limit its impact to a cause of action for indemnity. I shall then discuss the adequacy of the complaint with respect to a cause of action for restitution.
INDEMNITY
The order states that "[i]f plaintiffs are able to allege the source of their duty to discharge an obligation, that ought to have been assumed by defendants, a cause of action for indemnity may lie”.
Plaintiffs claim that, to rectify the pleading deficiencies, the order merely required them to identify the source of their duty. They, therefore, served an amended complaint which alleged that their duty stemmed from (1) plaintiffs’ common-law duty to protect the health, safety and welfare of school children in their charge and others who use the schools, (2) the New York School Asbestos Safety Act (Education Law § 430 et seq.) and the regulations promulgated under it, (3) the Asbestos School Hazard Detection and Control Act (20 USC § 3601 et seq.) and the regulations promulgated under it, (4) the Toxic Substance and Control Act (15 USC § 2605 et seq.) and the regulations promulgated under it, and (5) the Clean Air Act (42 USC § 7401 et seq.) and its regulations.
Defendants do not now claim that plaintiffs have inadequately set forth the source of their duty. Rather, defendants urge that the order stated that the deficiencies in the original complaint with respect to this cause of action were twofold. First, plaintiffs failed to show the source of their duty to cure the allegedly hazardous conditions; second, plaintiffs failed to state the source of defendants’ duty to abate the conditions, which duty they claim, must be a specific duty to abate and not a duty to avoid negligence or liability in strict products liability.
Defendants argue that since this second branch was not satisfied, plaintiffs have failed to state a cause of action for indemnity.
They err. Justice Wallach clearly stated that "[t]he breach of duty on defendants’ part necessary to such a cause of action may be found in any of plaintiffs’ other viable causes of *749 action”. In other words, Justice Wallach held that if defendants are ultimately found to have breached a duty under one of the other causes of actions asserted, for example, under either the strict liability or negligence causes of action — which were sustained by Justice Wallach — then, the breach of that duty could serve as the basis for an indemnity claim. This interpretation is buttressed by the transcript of the oral argument on the original motion to dismiss, which discloses that plaintiffs raised this precise basis and that the court addressed it at some length.
I agree with Justice Wallach’s conclusion that the breach of duty on defendants’ part necessary to sustain a cause of action for indemnity may be found in any other viable cause of action. Indemnity is rooted in principles of equity. Simple fairness mandates that "[a] person who, in whole or in part, has discharged a duty * * * which as between himself and another should have been discharged by the other, is entitled to indemnity” (Restatement of Restitution § 76). "To prevent unjust enrichment, courts have assumed the duty of placing the obligation where in equity it belongs” (McDermott v City of New York, 50 NY2d 211, 217 [1980], supra). The law implies a contract to reimburse in cases of unjust enrichment " '[w]here payment by one person is compelled, which another should have made’ ” (McDermott v City of New York, supra, at p 217, citing Brown v Rosenbaum, 287 NY 510, 518-519).
Thus, the claims in the strict products liability and negligence causes of action are that recoverable losses have already been sustained by plaintiffs who have an obligation to remove a product that poses a grave risk to health.
In Trustees of Columbia Univ. v Mitchell/Giurgola Assoc. (109 AD2d 449), the First Department allowed recovery of the repair costs of a wall located in a crowded university campus. The wall was in imminent danger of collapse, thus constituting an unduly dangerous product. The duty on the part of the defendants in this case, whether in negligence or in strict products liability, gives rise to an additional duty to indemnify plaintiffs in their cleanup of a grave and imminent hazard.
So, assuming that defendants have breached a duty under the strict products liability and/or under the negligence causes of action, it would be grossly unjust for the ultimate burden of payment to fall on plaintiffs who in no way caused the allegedly hazardous conditions. In equity and fairness the obligation must fall on defendants.
*750 Thus, with respect to the indemnity cause of action, since plaintiffs’ original complaint was inadequate solely because it failed to identify the source of plaintiffs’ duty to rectify the hazardous conditions, I must now determine whether the amended complaint remedies this deficiency.
While defendants do not affirmatively claim that plaintiffs have failed to meet this burden, I note that Education Law § 431 (1) (e) clearly recognizes plaintiffs’ common-law duty to provide a safe and healthy environment for school children, which arises from the fact that, in New York, school attendance is compulsory, and from the parens patriae obligation of plaintiffs’ care for their minor charges while at school. And, while the School Asbestos Safety Act (Education Law § 430 et seq.) does not specifically require plaintiffs to abate the asbestos hazard, it does require them to take steps necessary to carry out their common-law duty. Specifically, plaintiffs, inter alia, must inspect for asbestos hazards, prepare annual inspection reports and develop plans for correcting hazardous asbestos conditions. (Education Law § 434 [1], [2], [3]; § 436 [2], [4].) The cost of such preparatory activity is subject to a claim for indemnity. (Cf. State of New York v Schenectady Chems., 103 AD2d 33, 35 [3d Dept 1984], supra [investigation expenses compensable in action for restitution].)
It is unlikely that plaintiffs’ duty to abate is derived from the remaining claimed sources. The Asbestos School Hazard Detection and Control Act (20 USC § 3601 et seq.) does not affirmatively impose any duty on plaintiffs. It merely recognizes the potential dangers of asbestos and provides a means for distributing information, technical and scientific assistance, and financial assistance to the States. Further, because that act states that "there is no Federal health standard regulating the concentration of asbestos fibers in * * * schools” (20 USC § 3601 [a] [8]), it is questionable that plaintiffs’ duty to abate is derived from the Toxic Substance and Control Act or the Clean Air Act. Because, however, I have found that plaintiffs’ duty is derived from common law and from the New York School Asbestos Safety Act, I need not decide whether the other claimed sources are sufficient.
Accordingly, plaintiffs have adequately stated a cause of action in indemnity.
RESTITUTION
As I stated earlier, restitution does not require a duty on *751 the part of plaintiffs. A restitution cause of action would, instead, require an allegation that the act performed was "immediately necessary to satisfy the requirements of public * * * health, or safety” (Restatement of Restitution § 115), and this plaintiffs have done.
The applicability of Restatement of Restitution § 115 in this case is supported by the United States Attorney General, who concluded that "[Restitution appears to be the most desirable remedy [in cases involving the abatement of asbestos in public schools] because it most closely fits the problem and also may offer the most appropriate and favorable treatment in terms of statutes of limitation.” (Attorney General’s Asbestos Liability Report to Congress, pursuant to Asbestos School Hazard Detection and Control Act of 1980 § 8 [b] [1981], pp 126, 100, 98, XI-XII.)
The Report (p 126), in sanctioning the use of Restatement of Restitution § 115, reasons that "[t]he principles of indemnity demonstrate that the ultimate responsibility for the wrong * * * lies with the manufacturer”. If, for example, a third party sued the schools for a death or injury caused by asbestos exposure, the innocent school district could seek to recoup from the manufacturer the entire amount paid out. Since the principles of indemnity show that the ultimate responsibility is on the manufacturer, in equity the manufacturer has the duty to remove asbestos if proven hazardous. (Report, p 126; see also, Lexington County School Dist. v United States Gypsym Co., US Dist Ct, DSC, civil action No. 82-2072-0 [1984].)
Accordingly, I hold that plaintiffs have adequately stated a cause of action in indemnity and restitution as well; thus defendants’ motions to dismiss the amended first cause of action are denied. With respect to both causes of action, however, another point must be addressed. Plaintiffs seek to recoup, under both theories, moneys expended and to be expended. Such claims are, however, "limited to the reasonable costs for abatement, not necessarily the amount expended, and [do] not extend to future costs.” (State of New York v Schenectady Chems., 103 AD2d 33, 39 [3d Dept 1984], supra.) Thus, the scope of plaintiffs’ restitution and indemnity causes of action are so limited.
Finally, one pleading nicety must be resolved. Justice Wallach’s order, with respect to other causes of action asserted in the original complaint, is now on appeal. If the appellate courts hold that none of the other causes of action asserted in *752 the original complaint is viable, then the underpinning of indemnity-restitution will have been destroyed. However, it may be, for example, that one or two of the other causes of action will be sustained. It seems sufficient, for practical purposes, and under modern liberal rules of pleading, for plaintiffs to plead in the amended complaint as they have, without reference to which other cause(s) of action serve as the bases for defendants’ duty underpinning the indemnity-restitution cause of action.
Accordingly, defendants’ motions to dismiss the amended first cause of action are denied.