**ADAMS–ARAPAHOE SCHOOL DISTRICT NO. 28–J, Plaintiff,**

v.

**CELOTEX CORPORATION, et al., Defendants.**

**Civ. A. No. 84–C–1974.**

United States District Court, D. Colorado.

July 16, 1986.

Richard M. Foster, Marcia M. Hughes, Cockrell, Quinn & Creighton, Denver, Colo., Gene Locks, Marc Weingarten, Philadelphia, Pa., Barbara R. O'Cain, Aurora, Colo., Aurora Public Schools, for plaintiff.

William V. Cox, Bader & Cox, Denver, Colo., for Celotex Corp.

Ronald Shear, Tilly & Graves, Denver, Colo., for Armstrong World Industries, Inc.

Herbert A. Delap, Stutz, Dyer, Miller & Delap, Denver, Colo., for U.S. Gypsum Co.

Alan Friedberg, F. Stephen Collins, Pendleton & Sabian, Denver, Colo., for W.R. Crace and Co.

James R. Everson, Rothgerber, Appel, Powers & Johnson, Denver, Colo., for Nat. Gypsum Co.

James D. Hinga, Tom Overton, Baker & Hostetler, Denver, Colo., for GAF Corp.

Albert Zarlengo, Zarlengo, Mott, Zarlengo & Winbourn, Denver, Colo., for Standard Insulation, Inc.

David B. Higgins, Long & Jaudon, Denver, Colo., for Ownes-Corning Fiberglas Corp.

Michael J. Abramovitz, Isaac H. Kaiser, Berenbaum & Weinshienk, Denver, Colo., for Keene Corp.

Jack K. Anderson, DeMoulin, Anderson, Campbell & Laugeson, Denver, Colo., for Eagle-Picher Industries, Inc.

Mike Hilgers, Shauna Hilgers, Arvada, Colo., for Flintkote Co.

Mark C. Hansen, Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo., for Forty Eight Insulation, Inc.

John D. Shively, Faegre & Benson, Denver, Colo., for Highland Stucco and Lime Products, Inc.

Randall Rinquest, Watson, Nathan & Bremer, Denver, Colo., for Ryder Industries, Inc.

## ORDER

CARRIGAN, District Judge.

Plaintiff filed this action against multiple defendants who designed, manufactured, distributed and applied asbestos products that were incorporated into construction of the plaintiff's schools. On October 16, 1985 I denied the defendants' motion for judgment on the pleadings as to the plaintiff's first, seventh and eighth claims but granted their motion, without prejudice, as to the plaintiff's sixth, ninth and tenth claims. Separate defendant W.R. Grace & Co. ("Grace") has renewed its motion for

judgment on the pleadings as to the plaintiff's first, seventh, second, third, fourth and fifth claims. Grace contends that I did not properly consider its previous argument regarding these claims. As in my previous order, I have treated Grace's motion as filed on behalf of all defendants.

### I. *Plaintiff's First Claim.*

Plaintiff's first claim alleges that the defendants breached their duty to abate a hazard they created. I ruled that their allegations set forth a right to restitution under the emergency assistance doctrine as outlined in the *Restatement of Restitution* § 115 (1937).

Defendants have renewed their argument to dismiss this claim citing *City of Greenville, Tennessee v. National Gypsum Co.,* Slip Op. No. CIV–2–83–294 (E.D. Tenn. Feb. 3, 1984). There, the City of Greenville sought damages and declaratory relief under the theories of negligence, strict liability, fraud, misrepresentation and breach of warranty concerning the sale of asbestos-containing products used in the City's school buildings. The magistrate recommended that the plaintiff's claim under § 115 be dismissed because the defendants had no duty to remove the asbestos products from the schools. The magistrate further ruled that § 115 applied to quasi-contract situations and not to products liability actions. I am not bound by this narrow interpretation and decline to follow it.

The availability of a claim for relief under the emergency assistance doctrine has not been addressed in Colorado. I ruled that it seemed more likely than not that this doctrine will be accepted in Colorado. I decline to depart from my previous ruling permitting the plaintiff to proceed on this claim. Defendants' motion to dismiss the plaintiff's first claim is denied.

### II. *Plaintiff's Seventh Claim.*

Defendants contend that the plaintiff's seventh claim for civil conspiracy should be dismissed because the plaintiff has alleged parallel conduct as opposed to an actual meeting of the minds. Plaintiff here alleges that the defendants conspired to ignore, suppress, and not act upon the medical and scientific data in their possession that indicated the hazards to the public from asbestos. I earlier ruled that this claim was sufficiently stated. Defendants' motion to dismiss this claim is again denied.

### III. *Plaintiff's Second and Third Claims.*

Plaintiff's second and third claims are based on theories of strict liability in tort and negligence. Plaintiff essentially asserts that the asbestos products in question were dangerously defective and posed a serious risk of harm to persons, and damage to property, through the actual and potential release of asbestos fibers. The damages sought in each claim relate to the cost of removing and replacing the asbestos products and items that the asbestos allegedly contaminated in the plaintiff's schools.

Defendants have moved to dismiss these claims on the ground that the plaintiffs failed to allege the existence of physical harm to either person or property, an element critical to an actionable tort. Defendants further contend that the plaintiff's claims amount to a demand for reimbursement for economic loss, a remedy assertedly not available in a strict product liability or negligence action.

In actions similar to the instant case, the trend is to permit claims for strict liability in tort and negligence to proceed where the remedy sought is removal and replacement costs. *See Cinnaminson Township Board of Education v. United States Gypsum Co.,* 552 F.Supp. 855 (D.New Jersey 1982); *City of Greenville, Tennessee v. National Gypsum Co.,* Slip. Op. No. CIV–2–83–294 (E.D.Tenn. Feb. 3, 1984). *See also County of Johnson, Tennessee v. United States Gypsum Co.,* 580 F.Supp. 284 (E.D.Tenn.1983).

Defendants' motion to dismiss the plaintiff's second and third claims is denied.

## IV. *Plaintiff's Fourth and Fifth Claims.*

Defendants assert that the plaintiff's Fourth and Fifth Claims, claims for breach of implied and express warranties, are barred because the plaintiff failed to give timely notice of the alleged breach. *See* Colo.Rev.Stat. § 4–2–607(3) (1973).

While requiring compliance with § 4–2–607(3), Colorado courts have been flexible in its construction. The purpose of this section, as applied to a retail customer, is to defeat commercial bad faith, not to avoid rewarding a good faith consumer of his remedies. Comment 4 to § 4–2–607(3). Under certain circumstances, the filing of a lawsuit may provide sufficient notice to a defendant. *Palmer v. A.H. Robins Co., Inc.*, 684 P.2d 187, 207 at n. 3 (Colo.1984).

Plaintiff alleges that the defendants were aware that several actions similar to the instant case were pending in other courts when this case was filed. Thus, the defendants had ample opportunity to investigate the potential damage asbestos products could cause.

Moreover, the United States Congress in enacting the Asbestos School Hazard Detection and Control Act of 1980, recognized the dangers caused by exposure to asbestos fibers. The hazardous nature of asbestos products has also been recognized in case law from other jurisdictions. *See, e.g., Moran v. Johns-Manville Sales Corp.*, 691 F.2d 811 (6th Cir.1982); *Karjala v. Johns-Manville Products Corp.*, 523 F.2d 155 (8th Cir.1975); *Flatt v. Johns-Manville Corp.*, 488 F.Supp. 836 (E.D.Tex.1980); *Glover v. Johns-Manville Corp.*, 525 F.Supp. 894 (E.D.Va.1979). Moreover, there is ample reason to believe that many sellers of asbestos knew of its hazards to health for many, many years.

Here, the issue of compliance with the notice provision involves a fact determination based upon a consideration of the total circumstances. *See Palmer v. A.H. Robins Co., Inc., supra.* The defendants are not entitled to dismissal of the plaintiff's fourth and fifth claims on this ground at this early stage of the litigation.

Accordingly,

Defendants' renewed motion for judgment on the pleadings is denied.