OPINION OF THE COURT
Stanley L. Sklar, J.
Defendants’ motion pursuant to CPLR 3211 (a) (5) and (7) to dismiss the amended complaint is granted to the extent of dismissing the second, fourth and eighth causes of action on consent, and dismissing the breach of implied warranty cause of action for lack of privity, with leave to replead, and is otherwise denied.
The original complaint in this action instituted in Kings County Supreme Court was served in June 1987. It sought to recover for the installation of dangerous asbestos upon the premises of Brooklyn Law School which hazard now has to be abated. In September 1987 defendants moved to dismiss the action for failure to state a claim. On October 23, 1987, Administrative Judge Milton Williams issued Administrative Transfer Order No. 276, which directed that "all asbestos *239 related cases in which Requests for Judicial Intervention have been filed, or are hereafter filed in the Supreme Court within the City of New York, be heard and disposed of by trial or other means in the Supreme Court First Judicial District, County of New York.” Accordingly, the Administrative Judges within the City of New York were directed to have all such pending actions transferred to Supreme Court, New York County, for appropriate assignment. Had the transfer been immediately effected then the motion would have been heard by this court and decided in accordance with the established precedent of City of New York v Keene Corp. (order dated Nov. 19, 1985 [Wallach, J.], affd 129 AD2d 1019), which upheld negligence and strict liability claims in an asbestos action similar to the instant one. Nonetheless, in December 1987, the Kings County Supreme Court Justice to whom this action was assigned (who was presumably personally unaware of the transfer order) heard oral argument on the application to dismiss the complaint. By order dated March 24, 1988 he decided the motion to dismiss and transferred the case to this court. The Kings County Justice found that there were no claims for negligence and strict liability, nor a separate action for punitive damages. Plaintiff was given leave to replead its warranty claims and its action for statutory liability.
Thereafter, in June 1988 the law school served the amended complaint that is the subject of this motion. The complaint asserts eight causes of action. The law school now concedes that the second, fourth and eighth causes of action must be dismissed.
Defendants argue that the third and fifth causes of action in negligence and strict liability, respectively, are barred under the doctrine of law of the case by the decision of the Kings County Justice. The law school argues that extraordinary circumstances are presented arising out of the late transfer of the action and the state of the law as reflected in City of New York v Keene Corp. (supra) which would indicate adherence to the law of the case to be inappropriate.
In Martin v City of Cohoes (37 NY2d 162, 165), the Court of Appeals stated that " 'law of the case’ is a rule of practice, an articulation of sound policy, that when an issue is judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned”. The doctrine of "law of the case” is not absolute and the court may in extraordinary circumstances disregard it. (Foley v Roche, 86 AD2d 887; Politi v Irvmar Realty Corp., 13 *240 AD2d 469.) Such extraordinary circumstances are presented here.
These asbestos-related matters are complex and protracted litigations generally involving numerous parties, complex and novel products liability issues and substantial damage claims. They have been placed before one Justice in the City of New York so that they may be more efficiently litigated on a coordinated basis, and to insure consistency in their handling.
When law of the case is to be ignored, "[t]he error sought to be corrected must, however, be so 'plain * * * [that it] would require [the] court to grant a reargument of a cause.’ ” (Foley v Roche, supra, at 887, citing Eaton v Alger, 47 NY 345, 348.) Here, it is apparent that the view of these asbestos cases in the First Department supports claims for negligence and strict liability on the facts presented herein (City of New York v Keene Corp., supra; cf., Trustees of Columbia Univ. v Mitchell/ Giurgola Assocs., 109 AD2d 449), and that reargument would have been successful.
Moreover, under the Individual Assignment System (IAS) CPLR 2221 has been amended to permit a second Judge to handle rearguments where there has been assignment under the court rules. (Billings v Berkshire Mut. Ins. Co., 133 AD2d 919; Ministry of Christ Church v Mallia, 129 AD2d 922; Dalrymple v Martin Luther King Community Health Center, 127 AD2d 69.) Administrative Order No. 276 is a special assignment under the court rules. (See, 22 NYCRR 202.3 [c] [2].) Thus, with the transfer this court could have entertained reargument and rendered a different conclusion from that of the Kings County Justice. This being so, the law of case doctrine has been to some extent eroded and rendered more flexible and realistic within the new court structure.
No purpose would be served here by strict adherence to law of the case. Letting the decision stand until review on appeal would contradict the law as expressed in City of New York v Keene (supra) and would only result in wasteful duplication of efforts.
Consequently, defendants’ application to dismiss the third and fifth causes of action for negligence and strict liability is denied.
Defendants urged in their papers that the first cause of action, which is denominated "restitution”, must be dismissed because it fails to state a cause of action and because it is time barred. Although denominated "restitution”, the law school’s *241 memorandum of law reveals that it has lumped together the concepts of indemnity and restitution. (See generally, City of New York v Keene Corp., 132 Misc 2d 745, affd 129 AD2d 1019, supra [counsel advised at an earlier conference that leave to appeal to the Court of Appeals was denied].) Defendants urge that the law school’s indemnity claim is inadequate because Brooklyn Law School, unlike the plaintiffs in Keene (supra), has neither the common-law parens patriae obligation to care for the minor school children in its charge, nor the statutory duty to inspect and develop plans to deal with asbestos under Education Law § 430 et seq., which applies only to elementary and secondary schools. The court does not agree. While it is true that the law school’s duty does not derive from the foregoing sources, as the owner of the building, it has the common-law duty to all those who enter, whether they be students, employees or visitors, to exercise "reasonable care under the circumstances whereby foreseeability shall be a measure of liability.” (Basso v Miller, 40 NY2d 233, 241 [1976]; see also, Block, Landlords Risk Asbestos Suits, NYLJ, June 15, 1988, at 11, col 3; Sitomer and Goldberg, Trends in Asbestos Litigation; Recovering the Cost of Abatement, NYLJ, Nov. 28, 1988, at 1, col 1.) This standard, coupled with the law school’s allegation that "[t]he defendants have wrongfully caused plaintiffs law school building to become contaminated by a dangerous, toxic substance which, unless removed, contained or managed, presents an imminent danger and potential hazard to students, staff and others using the law school”, could, if proved, lead a jury to conclude that the law school had the duty to keep its property in "reasonably safe condition” (Macey v Truman, 70 NY2d 918, 919 [1987]) by abating the asbestos condition.
Since this court in its prior decision in Keene (supra), in which it agreed with the decision of Justice Wallach of November 1985 and held that the breach of duty by defendants necessary to sustain the indemnity claim may be found in the negligence or strict liability claims, I find that the law school has adequately pleaded an indemnity claim.
Defendants also assert that the claim for restitution is inadequate because the law school is a private institution and therefore does not meet the requirement that "the things or services supplied [be] immediately necessary to satisfy the requirements of public decency, health, or safety.” (Restatement of Restitution § 115 [b]; emphasis added.) This argument is similarly without merit. For example, Labor Law § 2 (13) *242 defines "Public building” as including "a school, a college or university building”. (See also, Trustees of Columbia Univ. v Mitchell/Giurgola Assocs., supra.) Accordingly, the restitution claim is adequately pleaded.
Defendants, relying on Foley v Lilly & Co. (Feb. 22, 1988, Gammerman, J.), contended in their moving papers that since the original complaint, which was dismissed in its entirety, did not allege a cause of action for restitution such claim is time barred. However, the cause of action for restitution relates back to the preexisting claims and is deemed to have been asserted within the window period, so as to satisfy the condition precedent, as defendants conceded on oral argument.
Lastly, defendants urge that the sixth and seventh causes of action for breach of implied and express warranty, respectively, lack necessary allegations of privity, as did the original complaint. A comparison of the complaint and the amended complaint indicates that no new allegations have been provided to support the previously deficient implied warranty claim. It is clear that allegations of privity, that is of a direct sale by each defendant to plaintiff personally or through their agents (see, Utica Observer Dispatch v Booth, 106 AD2d 863), are required on an implied warranty claim when only property damages or economic loss is alleged. (UCC 2-318 [prior to 1975 amendment]; Miller v General Motors Corp., 99 AD2d 454, affd 64 NY2d 1081; Jaffe Assocs. v Bilslo Auto Serv., 58 NY2d 993; Aniel Oldsmobile-Cadillac v Sirus Leasing Co., 101 AD2d 688.) Here, there is no allegation of a direct link in the distributive chain (Heller v U. S. Suzuki Motor Corp., 64 NY2d 407, 410 [1985]). While the law school alleges that defendants sold the asbestos products, there is no allegation regarding to whom such products were sold. Accordingly, the implied warranty claim asserted as the sixth cause of action is dismissed. Since, however, in these complex asbestos actions facts regarding which defendant supplied which product and whether such product was directly supplied, are unearthed following protracted disclosure, Brooklyn Law School may move for leave to replead this cause of action upon a proper showing which shall include facts indicating which defendants directly sold specified products to Brooklyn Law School, personally or through the parties’ agents.
With respect to the seventh cause of action, the court finds that Brooklyn Law School has sufficiently stated a cause of action for breach of express warranty through its assertion *243 that the defendants, all of whom are alleged to have sold the asbestos products, induced the law school to buy and install such products by making express warranties regarding their safety, fitness, upkeep and lack of latent defects in advertisements directed toward the public, including the plaintiff, and that Brooklyn Law School relied on these false warranties to its detriment. (See, Randy Knitwear v American Cyanamid Co., 11 NY2d 5 [1962]; County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs., 114 AD2d 728, 730, appeal dismissed 67 NY2d 757.)
The law school has sufficiently stated the terms of the warranties and the school’s detrimental reliance on them (see generally, Ancelmo Trading Co. v Durkee, 11 AD2d 836 [3d Dept 1960]; Butler v Caldwell & Cook, 122 AD2d 559, 560 [4th Dept 1986]) so as to give the court and the defendants notice of the transactions and occurrences intended to be proved, and the material elements of such causes of action (Foley v D’Agostino, 21 AD2d 60, 62 [1st Dept 1964]).
While this court has some concern over whether the law school will ultimately be able to establish these allegations as to each defendant, "[u]pon a motion to dismiss, a complaint is deemed to allege whatever can reasonably be implied from its statements — and not whether the allegations can be established — considering the complaint as a whole”. (Schlottman Agency v Aetna Cas. & Sur. Co., 70 AD2d 1041 [4th Dept 1979].)
The court also has some concern as to whether all of the defendants are subject to a breach of express warranty claim since it is likely that one or more defendants primarily provided services to the law school, the "sale” of the asbestos products being incidental to the services rendered. (See, Milau Assocs. v North Ave. Dev. Corp., 42 NY2d 482 [1977]; County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs., supra, at 729.) Since, however, the amended complaint, which alleges that all defendants sold the asbestos, does not clearly separate, for example, contractors from manufacturers, and since none of the defendants urged that they primarily provided services to the law school, I do not now reach such issue. Therefore, the defendants’ motion to dismiss the breach of express warranty claim, is denied.
Accordingly, the motion to dismiss the amended complaint *244 is granted on consent as to the second, fourth and eighth causes of action. The sixth cause of action is dismissed without prejudice to plaintiffs moving to replead in accordance with this decision. The motion is denied as to the first, third, fifth and seventh causes of action.