**UNIFIED SCHOOL DISTRICT NO. 500, et al., Plaintiffs,**

v.

**UNITED STATES GYPSUM COMPANY, et al., Defendants.**

**Civ. A. No. 88–2012–V.**

United States District Court, D. Kansas.

March 27, 1992.

See also 788 F.Supp. 1178; 719 F.Supp. 1003.

---

P. Stephen Martin, Bennett, Lytle, Wetzler, Winn & Martin, Prairie Village, Kan., James R. Goheen, McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., Kenneth B. McClain, Steven P. Callahan, Humphrey, Farrington & McClain, Independence, Mo., Bill E. Fabian, Laguna Vista, Tex., for plaintiffs.

Dale L. Beckerman, Spencer J. Brown, Keith A. Cary, Penny G. Newman, Deacy & Deacy, Kansas City, Mo., Brett C. Coonrod, Deacy & Deacy, Prairie Village, Kan., Robert L. Driscoll, John C. Aisenbrey, Gregg F. Lombardi, Stinson, Mag & Fizzell, Kansas City, Mo., Elizabeth Goddard, Prairie Village, Kan., Gordon E. Wells, Jr., William J. Hatley, Lathrop & Norquist, Overland Park, Kan., Thomas J. Wheatley, Thomas A. Ryan, Lathrop & Norquist, Kansas City, Mo., Leland H. Corley, Lewis, Rice & Fingersh, Overland Park, Kan., Elizabeth M. Drill, Lewis, Rice & Fingersh, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is before the court on the motion of defendant United States Gypsum Company (U.S. Gypsum) for partial summary judgment pursuant to Fed.R.Civ.P. 56(b) (Docs. 276 and 283). The motion is granted in part and denied in part.

This is a products liability action in which plaintiffs seek damages from defendants U.S. Gypsum, W.R. Grace & Co.—Conn., National Gypsum Company, and The Celotex Corporation for the removal and replacement of asbestos-containing building materials.[1] Plaintiffs claim that the defendants sold them asbestos-containing acoustical plasters, fireproofing materials, and ceiling tile for installation in their schools and that they incurred damages as a result. Plaintiffs' claims are based on theories of restitution, strict liability, negligence, breach of implied and express warranties, and fraudulent misrepresentation. Defendant U.S. Gypsum contends that it is entitled to summary judgment on all of plaintiffs' claims, except those asserted under theories of strict liability and negligence.

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing," that is, pointing out to the district court, that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, "a party opposing ... may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

The pertinent uncontroverted facts of the case are as follows. Defendants manufac-

---

1. Defendants National Gypsum Company and The Celotex Corporation have filed for bankruptcy. The case is stayed as to those defendants. 11 U.S.C. § 362.

tured various asbestos-containing building products, including acoustical plasters, fireproofing materials, and ceiling tiles. Defendants' products were installed in buildings constructed by plaintiffs from the late 1930's until the 1960's. In late 1979 and early 1980, plaintiffs discovered that a number of those buildings were contaminated with asbestos. In 1987, plaintiffs learned the identities of the manufacturers of the products installed in their buildings. In November, 1987, plaintiffs sent notice to those manufacturers, including defendant U.S. Gypsum, of the contamination. On January 12, 1988, plaintiffs filed this suit to recover removal and replacement costs from defendants.

In its motion for partial summary judgment, defendant U.S. Gypsum contends that it is entitled to judgment as a matter of law on plaintiffs' claims of restitution (or unjust enrichment), fraudulent misrepresentation, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, and breach of express warranties. The court will address each of the noted claims in the light of defendant U.S. Gypsum's contentions in support of its motion for partial summary judgment.

## A. Restitution

■ Defendant U.S. Gypsum contends that plaintiffs have failed, as a matter of law, to state a claim of restitution upon which relief can be granted. Plaintiffs argue that they have stated a claim for restitution, and that there are material questions of fact exist which precludes entry of summary judgment on this claim. The court agrees, and the motion is denied on this ground.

Under Kansas law, restitution is applied in two distinct senses. It sometimes means restoration. In this sense it connotes a general description of the relief afforded by a cause of action, rather than a cause of action itself. *See* Dobbs, *Remedies* 222 (1973). However, Kansas also recognizes that restitution may be substantive. In this sense, restitution may be a cause of action based on unjust enrichment or a theory of quasi-contract. *See J.W. Thompson Co. v. Welles Products Corp.*, 243 Kan. 503, 512, 758 P.2d 738 (1988); *also Continental Oil Co. v. Ideal Truck Lines, Inc.*, 7 Kan.App.2d 153, 158, 638 P.2d 954, 958–59 (1981).

The substance of a cause of action for restitution or unjust enrichment resides in a "promise implied in law that one will restore to the person entitled thereto that which in equity and good conscience belongs to him." *Short v. Wise*, 239 Kan. 171, 177, 718 P.2d 604 (1986). The doctrine prevents one party from profiting unjustly at the expense of another, "but there must be some specific legal principle or situation which equity has established or recognized to bring a case within the scope of the doctrine." *Shutts v. Phillips Petroleum Co.*, 222 Kan. 527, 559, 567 P.2d 1292 (1977), *cert. denied*, 434 U.S. 1068, 98 S.Ct. 1246, 55 L.Ed.2d 769, *reh. denied*, 435 U.S. 961, 98 S.Ct. 1594, 55 L.Ed.2d 811 (1978).

Plaintiffs contend that their restitution cause of action resides in the emergency assistance doctrine set forth at Restatement (Second) of Restitution § 115. It provides:

A person, who has performed the duty of another by supplying things or services, although acting without the other's knowledge or consent, is entitled to restitution from the other if
(a) he acted unofficiously and with the intent to change therefore, and,
(b) the things or services supplied were immediately necessary to satisfy the requirements of public decency, health or safety.

Plaintiff argues that because defendants put defective and unreasonably dangerous products into the stream of commerce, which products were installed in public buildings, defendants should be made, in equity and good conscience, to pay for the removal and replacement of those products.

Defendant U.S. Gypsum contends—and the court notes—that Kansas has not adopted section 115 of the Restatement. However, other jurisdictions, where school districts have sued for removal and replacement of asbestos-containing building mate-

rials, have adopted that doctrine. *See City of New York v. Keene Corp.*, 505 N.Y.S.2d 782, 132 Misc.2d 745 (1986); *Adams–Arapahoe School Dist. No. 28–J v. Celotex Corp.*, 637 F.Supp. 1207 (D.Colo.1986), *rev. on other grounds*, 959 F.2d 868 (10th Cir. 1992). Without finding that the Kansas Supreme Court would adopt the emergency assistance doctrine, the court is persuaded that plaintiff has stated a cause of action for restitution. The court is of the opinion, based on Kansas' view of restitution, that Kansas courts would, in equity, imply a promise on the part of these defendants to abate the asbestos contamination created by them. A decision to the contrary would unjustly enrich defendants.

The court concludes that plaintiff has stated a claim of restitution and that issues of fact preclude entry of summary judgment in favor of defendant U.S. Gypsum on this claim.

### B. Fraudulent Misrepresentation

Defendant U.S. Gypsum contends that it is entitled to summary judgment on plaintiffs' fraudulent misrepresentation claims on the ground that plaintiffs cannot prove necessary elements of their cause of action. Those elements are that (1) defendant U.S. Gypsum made false representations, (2) with knowledge, and (3) that plaintiffs justifiably relied on those representations to their detriment. Plaintiffs claim material questions of fact preclude entry of summary judgment on this ground. The court agrees, and the motion on this ground is denied.

■ In an action for fraudulent misrepresentation, Kansas courts require that plaintiffs prove each of the following elements: an untrue statement of material fact, known to be untrue by the party making it, made with the intent to deceive or made with reckless disregard for the truth, where another party justifiably relies on the statement and acts to his detriment. *See Nordstrom v. Miller*, 227 Kan. 59, 65, 605 P.2d 545 (1980). Honesty and fair dealing are presumed and, therefore, the party alleging fraud must prove his case by clear and convincing evidence.

*Newell v. Krause*, 239 Kan. 550, 556–57, 722 P.2d 530 (1986).

Based on the record before the court, I conclude that there are questions of fact concerning the elements of plaintiffs' fraudulent misrepresentation claim. Those questions of fact preclude entry of summary judgment in favor of defendant U.S. Gypsum. Accordingly, the motion for summary judgment on this ground is denied.

### C. Warranties

#### 1. Notice

■ Defendant U.S. Gypsum contends that it is entitled to summary judgment on plaintiffs' breach of implied and express warranty claims on the ground that plaintiffs failed to provide it with adequate notice of any alleged breach as required by K.S.A. 84–2–607(3)(a). Plaintiffs contend that a question of fact exists as to whether they gave defendant U.S. Gypsum adequate notice of the alleged breach and that the motion should be denied.

K.S.A. 84–2–607(3)(a) provides that:

> (3) Where a tender has been accepted
>
> (a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of the breach or be barred from any remedy....

*Id.* I conclude that there is a question of fact whether plaintiffs notified defendant U.S. Gypsum of the alleged breach within a reasonable time after discovering it. *See Brunner v. Jensen*, 215 Kan. 416, 428–29, 524 P.2d 1175 (1974) (holding that whether a buyer has notified a seller of a breach of warranty within a reasonable time is a question of fact to be determined from all the facts and circumstances of the case). Accordingly, the motion for summary judgment on this ground is denied.

#### 2. Breach of Implied Warranty of Fitness for Particular Purpose

■ Defendant U.S. Gypsum contends that plaintiffs have failed to state a cognizable claim of breach of the implied warranty of fitness for a particular purpose because the alleged asbestos-containing

building products in question were used for their ordinary purpose. The court agrees, and defendant U.S. Gypsum's motion on this ground is sustained.

K.S.A. 84-2-315 provides in pertinent part:

Where the seller at time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified ... an implied warranty that the goods shall be fit for such purpose.

The Official UCC Comment following the statute states:

2. A "particular purpose" differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question. For example, shoes are generally for the purposes of walking upon ordinary ground, but a seller may know that a particular pair was selected to be used for climbing mountains.

The Kansas Comment to the statute notes that "a 'particular purpose' under this section means an unusual non-ordinary purpose." In *International Petroleum Services, Inc. v. S & N Well Service, Inc.*, 230 Kan. 452, 639 P.2d 29 (1982), the Kansas Supreme Court stated that:

The provisions of K.S.A. 84-2-315, covering the warranty of fitness for a *particular purpose*, are frequently confused with the implied warranty of merchantability which covers fitness for *ordinary purposes*. The warranty of fitness for a *particular purpose* is narrower, more specific, and more precise.

.   .   .   .   .

When goods are acquired for the *ordinary purposes* for which such goods are used, no implied warranty of fitness for a *particular purpose* arises. A use for

ordinary purposes falls within the concept of merchantability.

*Id.*, 230 Kan. at 461, 639 P.2d 29 (emphasis in original). The alleged asbestos-containing products sold to plaintiffs and installed in their buildings were not purchased for any "unusual" purpose. Plaintiffs intended to put those acoustical plasters, fireproofing materials, and ceiling tiles to their ordinary use, and did. The court concludes that no implied warranty of fitness for a particular purpose attended the sale of those goods to plaintiffs. Defendant U.S. Gypsum's motion for summary judgment on this ground is granted.

**3. Breach of Express Warranty**

■ Defendant U.S. Gypsum contends that it is entitled to summary judgment on plaintiffs' breach of express warranty claims on the ground that plaintiffs cannot prove that they relied on any promise or affirmation defendant U.S. Gypsum may have made regarding its products. Plaintiffs contend that reliance is not an element of their cause of action. The court agrees. Under Kansas law, an express warranty is, by definition, contractual and "particular reliance upon the express warranty need not be shown." *Young & Cooper, Inc. v. Vestring*, 214 Kan. 311, 324, 521 P.2d 281 (1974). Accordingly, the motion for summary judgment on this ground is denied.

IT IS, THEREFORE, BY THE COURT ORDERED that the motion (Docs. 276 and 283) of defendant United States Gypsum Company for partial summary judgment is granted in part and denied in part. Plaintiffs' claims, except those asserted under the theory of breach of the implied warranty of fitness for a particular purpose, shall proceed to trial.

Copies of this Memorandum and Order shall be mailed to counsel of record for the parties.

IT IS SO ORDERED.