HEBRON PUBLIC SCHOOL DISTRICT
NO. 13 OF MORTON COUNTY, STATE
OF NORTH DAKOTA, Plaintiff,

v.

U.S. GYPSUM, Defendant.

No. A1–86–184.

United States District Court,
D. North Dakota,
Southwestern Division.

June 30, 1988.

Steven C. Lian, Minot, N.D., for plaintiff.

Wickham Corwin, Fargo, N.D., for defendant.

## MEMORANDUM AND ORDER

VAN SICKLE, District Judge.

Hebron Public School District filed this action in Morton County District Court on September 12, 1986. The complaint presents nine causes of action, all arising out of the installation of asbestos products manufactured by U.S. Gypsum in 1960 and 1963 additions to Hebron's public school building. The case was removed to this court by Gypsum on October 3, 1986, pursuant to the diversity of citizenship jurisdiction granted to this court by 28 U.S.C. 1332. On January 4, 1988, Gypsum brought the present motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (failure to state a claim upon which relief can be granted).

The fact patterns in asbestos litigation cases are unlike those in other kinds of litigation, both in the cause and in the nature of the damages alleged. This makes it difficult to fit the facts neatly into any one existing theory of recovery on which to proceed. However, there are a number of theories which come close, or provide a near fit. As a consequence, asbestos plaintiffs typically bring a number of causes of action, in the hope that the court will allow one or more of the theories of recovery to be used to accommodate the claim. Asbestos defendants oppose any such accommodation, and seek to isolate asbestos damages as an injury without a remedy. The task before this court is to review Hebron's claims and determine which, if any, of them presents a theory of recovery sufficient to allow the action to go forward. In the course of this review all of the facts pleaded by Hebron will be taken as true, and will be construed liberally in Hebron's favor. *See Loge v. United States*, 662 F.2d 1268, 1270 (8th Cir.1981). A cause of action will be dismissed only if it appears beyond doubt that Hebron can prove no set of facts to support it. *Id.* All doubts will be resolved in Hebron's favor. 662 F.2d at 1274. The court will be especially reluctant to dismiss theories of recovery that are novel, or attempt to stretch the current law. *See* Wright and Miller, Federal Practice and Procedure, Civil § 1357.

This is not the first court to hear the issues raised by this motion. It appears that the complaint, the answer, the motion to dismiss, the response, and the accompanying briefs may have been drawn from similar filings in previous similar cases before other courts. Many of the issues now before this court have already been argued and decided many times. The briefs on both sides cite a number of opinions, many of them unpublished, which are directly on point, and which on some issues reach opposite results. Since the Eighth Circuit Court of Appeals has not settled these issues for this circuit, this court must conduct its own independent review of the legal questions at hand. However, in the course of this review the weight and reasoning of the many previous decisions in like cases will be considered.

A similar motion to dismiss was brought in the state court that is hearing the consolidated asbestos actions brought by North Dakota schools. The present case appears to be the only case that has been removed from that court's statewide jurisdiction over school asbestos cases. Judge Garaas

denied the motion to dismiss as to most of the causes of action. *Linton Public School District No. 13, et. al. v. W.R. Grace, et. al.*, No. 85–525, slip op., East Central Judicial District for Cass County, North Dakota. This court, hearing this diversity jurisdiction case under North Dakota law, should "attribute some weight" to Judge Garaas' ruling, although the ruling is not "controlling" authority regarding the law of North Dakota. *Commissioner of Internal Revenue v. Bosch*, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967). Unfortunately, the slip opinion cited above does not contain Judge Garaas' reasoning for his holdings, and plaintiffs have not supplied this court with the transcript of the hearing at which that reasoning was stated, so it is difficult for this court to evaluate, and give weight to, the state court's holdings.

The first cause of action presented in the complaint is entitled "Restitution." Under North Dakota law, the restitution theory of recovery is based on the concept of unjust enrichment. *E.g. Gate City Savings and Loan Association v. International Business Machine Corporation*, 213 N.W.2d 888, 893 (N.D.1973). Five elements must be met to recover under the theory:

1. An enrichment;

2. An impoverishment;

3. A connection between the enrichment and the impoverishment;

4. Absence of a justification for the enrichment and impoverishment; and

5. An absence of a remedy provided by law.

*D.C. Trautman Company v. Fargo Excavating Company*, 380 N.W.2d 644, 645 (N.D.1986). It appears that Hebron is not seeking to rely on this theory. Although it presents some arguments incorporating the concept of unjust enrichment in a brief, it flatly states in that same brief that its restitution claim is founded on Section 115 of the Restatement of Restitution. Nevertheless, this court is under a duty to determine if the allegations in the complaint will support any possible theory of recovery, not just the particular legal theory relied on by Hebron, and so must evaluate a claim for unjust enrichment. *Bonner v. Circuit Court of City of St. Louis*, 526 F.2d 1331, 1334 (8th Cir.1975).

Gypsum, in its brief supporting the motion to dismiss, proceeded on the assumption that Hebron's first cause of action included the theory of unjust enrichment. The only attack raised by Gypsum against this theory is its assertion that the complaint fails to allege that Gypsum has been enriched, and that the enrichment was unjust. The complaint alleges that Hebron purchased the asbestos products, and it can reasonably be inferred that Gypsum was paid for the same, being enriched thereby. Whether the enrichment was unjust is an issue of law, rather than of fact, and so it need not, and should not, be pleaded. Although the connection between the enrichment—the payment to Gypsum—and the loss—the damages later incurred by Hebron—is more tenuous in this case than in the usual restitution case, and although it is too soon to tell whether there is no remedy at law available to Hebron, this court cannot say that it is beyond doubt that Hebron will not be able to prove facts to support this theory of recovery, and so Gypsum's motion to dismiss this theory of recovery under the first cause of action must be denied.

Turning to the section 115 theory of recovery under the first cause of action, neither party has addressed the threshold issue of whether section 115 is recognized in North Dakota law. The Restatement of Restitution is not legal authority. It does not have the weight of precedent nor of statutory law. Neither party has presented, nor has this court discovered, any case in which the North Dakota Supreme Court has put its imprimatur on the language of Section 115. The question of whether section 115 is applicable under North Dakota law is therefore an open one, and this court must resolve the question as it believes the North Dakota Supreme Court would. *Beaudoin v. Texaco*, 653 F.Supp. 512, 514 (D.N.D.1987).

It appears that the North Dakota Supreme Court routinely relies on Restatement formulations of the common law.

*See e.g. Jerry Harmon Motors, Inc. v. Heth,* 316 N.W.2d 324, 329 (N.D.1982) (Quoting with approval the Restatement of Restitution, Chapter 8, Topic 2, Introductory note, page 596). This court has not discovered any instance of the North Dakota Supreme Court considering and then rejecting a Restatement provision, but has found several cases in which the supreme court adopts such a provision as a matter of course. Relying on this pattern, this court finds that the North Dakota Supreme Court would accept section 115 as an accurate statement of the common law of restitution.

■ Section 115 provides as follows:

A person who has performed the duty of another by supplying things or services, although acting without the other's knowledge or consent, is entitled to restitution from the other if

(a) he acted unofficiously and with intent to charge therefor, and

(b) the things or services supplied were immediately necessary to satisfy the requirements of public decency, health, or safety.

Gypsum raises three attacks against this theory of recovery. First, Gypsum asserts that Hebron failed to request that Gypsum remove the asbestos prior to undertaking the removal on its own. The requirement of a prior request is stated in the comments following the text of section 115, and is, to some extent, contrary to the statement in the text that section 115 applies to those "acting without the other's knowledge." The comment, however, provides that the prior request requirement is waived if the other party has indicated an intent not to comply with such a request. In light of the general knowledge in the legal community regarding the history of asbestos litigation, this court cannot state that it is beyond doubt that Hebron will be unable to prove that prior conduct of Gypsum indicated an intent not to comply with requests to remove asbestos products.

Second, Gypsum asserts that Hebron has failed to plead facts indicating a need to act immediately to protect the public health. The complaint contains several allegations on this point, including one that asbestos is "deleterious, poisonous, carcinogenic, and highly harmful." Allegations of the discovery that a substance contained in a public school building is poisonous and must be removed to protect the health of the students and staff meet the "public health" requirement of section 115. Although asbestos is alleged to be a slow-acting agent, the need to remove it is nevertheless immediate. That the injuries it inflicts may not become manifest for some time is no justification for delaying removal.

Third, Gypsum asserts that Hebron has failed to allege facts that would impose on Gypsum the duty to have removed the asbestos. A necessary element of section 115 is an independent duty to act by the defendant party, which the plaintiff party fulfills upon the inaction of the defendant party. This duty need not be absolute, and need not be of a type or degree that would otherwise give rise to legal liability. *United States v. Consolidated Edison Co. of N.Y.,* 580 F.2d 1122, 1127 (2d Cir.1978). Section 115's duty element is a "flexible concept," that can be met by the "manifest" responsibilities of a party in a given "factual context" as well as by common law or statutory mandates. *Id.*

Hebron has, through its other counts, alleged facts that would impose on Gypsum various common law and statutory duties to avoid placing asbestos-containing materials in Hebron's facilities. By removing the asbestos, and presumably replacing it with some other material, Hebron was fulfilling Gypsum's alleged duty to see that the building material it supplied was safe. Taking the facts pleaded in the complaint as true, this court cannot determine that Hebron will be unable to prove facts meeting the elements of section 115, and so the motion to dismiss this theory of recovery under the first cause of action must be denied.

Although there are sufficient facts presented in the complaint taken as a whole to carry the first cause of action past a motion to dismiss, the claim is so generally drafted that it can scarcely be recognized as stating a claim for restitution.

This court, on its own motion, must order Hebron to enter a more definite statement of its first cause of action, identifying the theory or theories of recovery proposed and the facts put forward to meet each element of the theory of theories, so that Gypsum can frame a responsive pleading. Rule 12(e), F.R.Civ.P.

Hebron's second cause of action is grounded on the theory of strict liability, and its third on the theory of negligence. Gypsum's motion to dismiss treats these causes of action together, asserting that the complaint cannot support a tort claim. Gypsum asserts that Hebron has alleged no personal injury and no damage to property, that therefore no tort claim has been stated, and Hebron, at any rate, has no standing to bring one. Both parties devote the bulk of their briefs to these issues, and cite to numerous cases in support of their positions.

Regarding personal injury, Gypsum argues that present injuries have not been pleaded, that any future injuries are speculative, and that Hebron would not have standing to pursue them when and if they did emerge. Since it is apparent that Hebron has not brought, and does not intend to bring, a claim for personal injury, these arguments are irrelevant.

■ Regarding damage to property, Gypsum argues that the asbestos, even if threatening to the health of those who occupy Hebron's building, has done no physical harm to the structure of the building itself. Gypsum argues that Hebron's loss, if any, is therefore an "economic loss" which is not recoverable at tort. This is an interesting argument, and one which has, on its face, some persuasive force. However, this court's own analysis of the law and facts is in accord with the dominant line of cases rejecting this position. Without reiterating the lengthy deliberations set out in the case law, this analysis is in brief as follows: The asbestos in this case is apparently found in an acoustical ceiling coating. If this coating had failed in its purpose—if it had fallen off, or failed to muffle reverberations—that would have given rise to an action sounding in contract

for an economic loss. However, it appears that the coating functioned satisfactorily in its intended role except that, Hebron alleges, it released harmful asbestos fibers into the building, poisoning it and rendering it unfit for use. This is damage to property on which a tort claim can be founded: the building's physical structure was unharmed, but it was damaged in its utility, in its function as a building. This court finds that Hebron has pleaded sufficient facts on which to base a claim sounding in tort, and so must deny the motion to dismiss the second and third causes of action.

Hebron's fourth cause of action is based on a breach of implied warranties of merchantability and fitness for a particular purpose, and its fifth cause of action is based on a breach of an express warranty. Gypsum asserts that these two causes of action are governed by the Uniform Commercial Code as enacted into law by the North Dakota Legislature, and that Hebron has failed to meet the UCC notice and statute of limitations requirements. Hebron denies that the Code is applicable. Resolution of this issue requires consideration of facts not available to this court, and not cognizable under a Rule 12 motion for dismissal, regarding the relationship between the parties and the transaction between them involving the asbestos product. Gypsum's motion to dismiss the fourth and fifth causes of action must be denied pending trial or a Rule 56 motion for summary judgment. This court observes, however, that the applicable statute of limitations appears, as Hebron suggests, to be the "six years from the discovery" rule of NDCC 28–01.1–02(5) rather than the "four years from the breach" rule of NDCC 41–02–104 (UCC 2–725). NDCC 28–01.1–02(5) is more specific than, and was enacted subsequent to, NDCC 41–02–104. See NDCC 1–02–07.

■ Hebron's sixth cause of action alleges fraud and misrepresentation. Gypsum argues that Hebron has failed to meet the pleading requirements set by Rule 9(b) of the Federal Rules of Civil Procedure for claims grounded on fraud. Rule 9(b) states:

*Fraud, Mistake, Condition of Mind.* In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Rule 9(b) requires "specification of the time, place, and content of an alleged false representation, but not the circumstances or evidence from which fraudulent intent could be inferred." *McGinty v. Beranger Volkswagen, Inc.,* 633 F.2d 226, 228 (1st Cir.1980). This court adds the requirement that the pleadings indicate the medium or media by which the representation was communicated.

Hebron's general averments do not meet Rule 9(b)'s requirements. This does not require that the sixth cause of action be dismissed, but this court must, on its own motion, order a more definite statement of the claim, so that Gypsum may frame a response to it. *See* Wright and Miller, Federal Practice and Procedure, Civil § 1356. The redrafted claim must state: in what time period the representations were made, where they were made, what message or messages were conveyed, and by what medium or media the representations were communicated. Hebron's strenuous objections that it should not be made to specifically aver Gypsum's knowledge and state of mind are off the mark, as Rule 9(b) specifically allows such matters to be alleged generally.

■■■■ Hebron's seventh cause of action alleges a civil conspiracy. Gypsum asserts that Hebron has failed to plead three necessary elements of a conspiracy claim. Gypsum's arguments are not persuasive, but other factors require that the cause of action be dismissed. First, a civil conspiracy is not an independent tort, but instead is, in essence, a method by which multiple tortfeasors can be linked to a common underlying tort. *Halberstam v. Welch,* 705 F.2d 472 (D.C.Cir.1983). Hebron alleges, however, only that "Defendant" acted "individually and collectively." Thus, no tortfeasors in addition to Gypsum are linked to any underlying tort, and so the conspiracy allegation has no impact on the action. Second, the officers and agents of a single corporation cannot conspire among themselves, unless they are acting in their own interests rather than in the interest of the corporation. *Rice v. President and Fellows of Harvard College,* 663 F.2d 336, 338 (1st Cir.1981), cert. den. 456 U.S. 928, 102 S.Ct. 1976, 72 L.Ed.2d 444 (1982). Hebron has not alleged that any employees or officers of Gypsum were acting in their own interest in furthering the alleged conspiracy. The conspiracy alleged by Hebron is that Gypsum, since the 1930's, withheld from the public medical information indicating that asbestos posed a health risk to those exposed to it. This alleged withholding of information would clearly be in the interest of Gypsum as an entity, rather than in the interest of an employee or officer individually. Further, Hebron named no alleged individual co-conspirators as defendants, which omission is fatal to its conspiracy claim. *Id.* The seventh cause of action must be dismissed, without prejudice.

■■■■ Hebron's eighth cause of action is grounded on nuisance. Gypsum asserts that under the common law an action for nuisance required that the property or activity of the nuisance be under the control of the defendant, and that here the asbestos, once installed, was not under Gypsum's control, but rather under Hebron's. However, as Hebron points out, the common law of nuisance has been preempted by statute in North Dakota. *See* NDCC §§ 42–01–01 through 42–04–05, and *Jerry Harmon Motors v. Farmers Union Grain Terminal,* 337 N.W.2d 427, 432 (N.D.1983). Under North Dakota law a nuisance is defined as follows:

*Nuisance—Definition.* A nuisance consists in unlawfully doing an act or omitting to perform a duty, which act or omission:

1. Annoys, injures, or endangers the comfort, repose, health, or safety of others;

. . . . .

4. In any way renders other persons insecure in life or in the use of property.

There is no requirement under North Dakota law that the nuisance be under the control of the defendant. It appears that Hebron's eighth cause of action is in accordance with the state statutory law of nuisance. *See* NDCC §§ 42–01–06, 07(4), 07(5), and 09. This court cannot say that it is beyond doubt that Hebron will be unable to prove facts sufficient to support the claim grounded on nuisance, and so the motion to dismiss the eighth cause of action must be denied.

Hebron has withdrawn its ninth cause of action for indemnity, and so Gypsum's motion to dismiss it is denied as moot.

Gypsum brought a further motion for oral arguments on the motion for a dismissal, but this court having determined that arguments were not necessary, the motion is denied.

Therefore IT IS ORDERED:

1. U.S. Gypsum's motion to dismiss the first, second, third, fourth, fifth, sixth, and eighth causes of action is denied.

2. U.S. Gypsum's motion to dismiss the ninth cause of action is denied as moot.

3. U.S. Gypsum's motion to dismiss the seventh cause of action is granted, and the seventh cause of action is dismissed without prejudice to the bringing of another action on the same cause or causes.

4. Hebron Public School District is ordered to enter a more definite statement of its first and sixth causes of action. The first and sixth causes of action are dismissed unless the more definite statements of them are filed within twenty days of the entry of this order.

5. U.S. Gypsum's motion for oral argument on the motion to dismiss is denied.

The clerk shall enter judgment accordingly.