■ 888 7TH AVENUE ASSOCIATES LIMITED PARTNERSHIP, Appellant, v AAER SPRAYED INSULATIONS, INC., a Division of ROGERS INSULATING AND ROOFING COMPANY, INC., et al., Respondents. [605 NYS2d 25] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered May 7, 1992, which granted defendants' motion to dismiss the complaint as barred by the Statute of Limitations and for failure to state a cause of action, and order, same court and Justice, entered on or about January 11, 1993, which denied plaintiff's motion for leave to amend the complaint, unanimously affirmed, with costs.

In an action by a building owner to recover property damage and economic loss caused by exposure to asbestos, commenced in October of 1990, we agree with the IAS Court that the tort-based causes of action are governed by the three-year Statute of Limitations of CPLR 214 and accrued when the asbestos actually began to cause harm (cf., *Martin v Edwards Labs.*, 60 NY2d 417, 427-428). Arguably, this was almost immediately after the asbestos was installed, and certainly prior to October 1987, by which time, according to plaintiff, a building tenant was already seeking to recover the costs of its own asbestos abatement (*Rapid-Am. Corp. v 888 7th Ave. Assocs. Ltd. Partnership*, 151 Misc 2d 966), and plaintiff itself had commissioned an asbestos evaluation and received a first draft. For the same reason, i.e., the discovery of the harm more than three years before commencement of the action, the IAS Court correctly concluded that CPLR 214-c would not avail plaintiff even if it did apply. Plaintiff's warranty cause of action was properly dismissed as time barred under UCC 2-725, in recognition of the distinction between warranty and strict products liability claims (see, *McCarthy v Bristol Labs.*, 61 AD2d 196), and its causes of action for restitution and indemnification were properly held to be not viable on the ground that defendants' only duty to third parties would be by reason of other causes of action (see, *City of New York v Keene Corp.*, 132 Misc 2d 745, *affd* 129 AD2d 1019), all of which are time barred. Finally, plaintiff's proposed amended complaint either flatly contradicts admissions of fact made by plaintiff's affiant on the prior motion, or fails to cure the fatal defects in the original pleading, and thus was properly rejected by the court.

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Wallach, Kupferman and Rubin, JJ.