■ CITY OF NEW YORK et al., Respondents, v LEAD INDUSTRIES ASSOCIATION, INC., et al., Appellants, et al., Defendant. CITY OF NEW YORK et al., Respondents, v LEAD INDUSTRIES ASSOCIATION, INC., et al., Appellants, et al., Defendants. [660 NYS2d 422] —Orders, Supreme Court, New York County (Kristin Booth Glen, J.; Helen Freedman, J.), entered on or about August 6, 1995, and March 11, 1996, respectively, which, in an action seeking to recover abatement and other costs incurred by plaintiffs because of lead paint in City housing and hospitals, denied defendant manufacturers and trade association's motions for summary judgment dismissing plaintiffs' cause of action for fraud, unanimously affirmed, without costs. Order, same court (Helen Freedman, J.), entered August 6, 1996, which granted plaintiffs' motion for summary judgment dismissing such of defendants' defenses and counterclaims based on a duty owed by plaintiff City to plaintiff Housing Authority to warn of the dangers of lead paint, unanimously affirmed, without costs.

Defendants' renewed motions for summary judgment on plaintiffs' fraud cause of action were prompted by disclosure that had resulted in concessions by plaintiffs City and Housing Authority that they never directly relied on any misrepresentations of product safety made by defendants. The IAS Court, in Part II of its decision, set forth in scholarly and well-reasoned fashion the reasons why these concessions do not warrant summary judgment, ruling that a showing of direct reliance is not necessary where it is claimed that the defendant marketed a product it actually knew to be unsafe without warning of the dangers it knew to be inherent in the product. That such is this Court's view as well was presaged in a prior appeal in this matter, where, affirming the denial of defendants' motion to dismiss this fraud cause of action as barred by the Statute of Limitations, this Court noted that "[m]isrepresentations of safety to the public at large, for the purpose of influencing the marketing of a product known to be defective, gives rise to a separate cause of action for fraud" (190 AD2d 173, 177, citing, *inter alia, Young v Robertshaw Controls Co.*, 104 AD2d 84, 86, *appeal dismissed* 64 NY2d 885, citing *Kuelling v Lean Mfg. Co.*, 183 NY 78). That this Court would reject defendants' argument that to eliminate the necessity that plaintiffs show direct reliance is to reduce plaintiffs' cause of action for fraud to one for strict products liability was also presaged in our prior decision, which noted "that defendants are alleged not simply to

have marketed a product that failed, but rather to have led the public to believe in the safety of a product that defendants knew to be a health hazard, and to have engaged in a scheme that concealed this knowledge from the public" (*supra,* at 177).

There is no merit to such of defendants' defenses and counterclaims asserting a duty on the part of the City to have warned the Housing Authority of the dangers of lead paint. Defendants have set forth no evidence indicating the existence of a principal-agent relationship that would give rise to such a duty (*see, Brennan v New York City Hous. Auth.,* 72 AD2d 410, 414-415 [Birns, J., concurring]; *Ciulla v State of New York,* 191 Misc 528). Moreover, no "special" relationship giving rise to liability on the part of the City can be gleaned from the evidence set forth by defendants, such as the fact that the City enacted ordinances that first required lead paint warning labels and then banned the use of certain lead paints in dwellings (*see, Worth Distribs. v Latham,* 59 NY2d 231, 237), or the fact that the City's Health Department rented space in some Housing Authority buildings (*cf., Garrett v Holiday Inns,* 58 NY2d 253). We have considered defendants' remaining contentions and find them to be without merit. Concur—Milonas, J. P., Ellerin, Nardelli and Williams, JJ.