OPINION OF THE COURT
Helen E. Freedman, J.
Motion sequence numbers 037, 038 and 040 are consolidated for disposition.
Defendants, manufacturers of the lead pigment in paint which plaintiff New York City Housing Authority (NYCHA) is abating from two properties, variously move and cross-move for summary judgment dismissing NYCHA’s remaining claims for restitution, indemnification and fraud, based on the recent Court of Appeals decision in MRI Broadway Rental v United States Min. Prods. Co. (92 NY2d 421 [1998]). Defendants contend that, in MRI, the Court of Appeals held that: “a uniform statute of limitations applies to all claims for injury to property, including claims brought by the property owner for restitution and indemnification for costs of abating the allegedly hazardous product. All such claims accrue at the time of the initial application of the allegedly hazardous product.”[1] Defendants argue that MRI overrules the Appellate Division’s prior holdings in this case that the fraud claim accrued when plaintiff discovered or should have discovered the fraud (see, City of New York v Lead Indus. Assn., 190 AD2d 173, 177 [1st Dept 1993] [hereafter, LIA I]), and the indemnification and restitution claims accrued when the plaintiff suffered economic loss from its lead paint abatement (see, City of New York v Lead Indus. Assn., 222 AD2d 119, 124 [1st Dept 1996] [hereafter, LIA II]). In opposition, NYCHA claims that defendants misconstrue MRI and that the Courts’ holdings in LIA I and LIA II are binding on the parties as the “law of the case.”
Defendants misread MRI (supra). To understand their error, the history of this litigation is relevant. Plaintiffs’ initial com *837 plaint from 1989[2] asserted claims based on negligence, product liability and fraud, and also asserted claims for restitution and indemnity. Plaintiffs also claimed that the defendants were jointly and severally liable upon four theories: civil conspiracy, concert of action, enterprise liability and alternative and market share theory. In 1991, the court, upon defendants’ motion, dismissed the negligence and product liability claims as time barred, but found that the fraud claim had been timely commenced under CPLR 213 (8). (See, City of New York v Lead Indus. Assn., 1991 WL 284454 [Sup Ct, NY County, Dec. 23, 1991, Dontzin, J.].) Defendants had also moved to dismiss the restitution claims on grounds other than untimeliness; the court denied that branch of the motion. Defendants did not challenge, and the court did not address, the indemnity or joint and several liability claims. The Appellate Division affirmed, explicitly finding that the fraud claim was timely commenced under CPLR 213 (8). (City of New York v Lead Indus. Assn., 190 AD2d, supra, at 177.) No further appeal was taken from LIA I.
In January 1994, defendants moved, among other things, to dismiss the indemnity and restitution claims, based primarily on 888 7th Ave. Assocs. Ltd. Partnership v AAER Sprayed Insulations (199 AD2d 50 [1st Dept 1993]), in which a building owner sued to recover property damage and economic loss caused by asbestos in its building. In 888, the Appellate Division affirmed the trial court’s holding that “the tort-based causes of action * * * accrued when the asbestos actually began to cause harm,” and that “[ajrguably, this was almost immediately after the asbestos was installed.” (888 7th Ave. Assocs. Ltd. Partnership v AAER Sprayed Insulations, 199 AD2d, at 51.) The Court in 888 also found that plaintiffs restitution and indemnification claims “were properly held [by the trial court] to be not viable on the ground that defendants’ only duty to third parties would be by reason of other causes of action * * * all of which are time barred.” (Supra, at 51.)
Based on 888 (supra), the trial court (Glen, J.) dismissed the indemnity and contribution claims in this matter on June 17, 1994. (See, City of New York v Lead Indus. Assn., 222 AD2d, supra, at 123.) The Appellate Division reversed in part and reinstated the indemnity and contribution claims, finding that 888 was inapplicable to this case, because, unlike here, the *838 plaintiff in 888 did not assert any indemnity and restitution claims that were independent of its tort and strict liability claims, and was “seeking to circumvent the Statute of Limitations bar on its tort claims by merely recasting them in indemnity and restitution terminology.” (City of New York v Lead Indus. Assn., 222 AD2d, at 127.)
In this case, the Appellate Division found that plaintiffs had made out true restitution and indemnification claims that were independent of their tort and product liability claims, and accordingly those restitution and indemnification claims remained viable after the tort and product liability claims were dismissed as time barred. (City of New York v Lead Indus. Assn., 222 AD2d, supra, at 123-127.) The Appellate Division described the “factual thrust” of the claims here as follows: “[H]azardous conditions arose in plaintiffs’ buildings from the use of lead paint manufactured and marketed by defendants * * * plaintiffs incurred substantial expenditures to monitor and remediate the hazards caused by these lead pigments including abatement and clean-up costs and costs for treating and testing children at risk of and suffering from lead poisoning * * * in undertaking such expenditures plaintiffs discharged a duty which, although imposed upon plaintiffs by statute and regulation, should properly have been borne by defendants who were responsible for having created this danger to public health and safety and * * * plaintiffs should therefore be reimbursed for such expenditures both by way of indemnification and restitution.” (Supra, 222 AD2d, at 123-124.) The Court in LIA II held that, for true indemnification claims like NYCHA’s, the claims accrue when the party seeking indemnity suffers loss; in this case, NYCHA’s claims accrued when it incurred abatement costs. (See, supra, 222 AD2d, at 124; see also, McDermott v City of New York, 50 NY2d 211, 218 [1980].) The Court implied, but did not explicitly state, that restitution claims like NYCHA’s also accrue at the time the party seeking restitution suffers loss, inasmuch as indemnity and restitution are both “permeated by underlying equitable concerns involving unjust enrichment.” (City of New York v Lead Indus. Assn., 222 AD2d, at 124; see also, United States v Boyd, 520 F2d 642 [6th Cir 1975], cert denied 423 US 1050 [holding restitution claims accrue when money is spent].) The Court clarified its holding in 888 (supra) and distinguished it from this case: “While we adhere to our holding in [888] because no true indemnity or restitution claim was there pleaded, to the extent *839 that the unfortunate choice of obscure language in the decision, unnecessary to the result, appears to posit the affirmance of the dismissal of the indemnity and restitution causes of action in terms of time-barred third-party actions, we reject it. As previously indicated, it is the breach by defendant of an underlying duty owed to a third party, even if an action based thereon by that party against defendant is time barred, that is critical to a plaintiffs right to bring an indemnity action to recover the damages which plaintiff was caused to pay as a result of defendant’s breach of its duty to the third party.” (City of New York v Lead Indus. Assn., 222 AD2d, at 127.) LIA II was not appealed.
In MRI Broadway Rental v United States Min. Prods. Co. (242 AD2d 440 [1st Dept 1997]), a building owner who had abated asbestos fireproofing sued the manufacturers and applier. Plaintiffs complaint included causes of action sounding in negligence, strict product liability, prima facie tort, indemnification and restitution. The Appellate Division granted summary judgment to defendants, noting that the complaint was the “mirror image” of the complaint in 888 (supra), that “[t]he same law firm filed both complaints, which contain identical allegations of injury and damage,” and that “[t]he same management agency [for the buildings] and asbestos consultants are involved.” (MRI Broadway Rental v United States Min. Prods. Co., 242 AD2d, at 442.) The plaintiff had advanced a novel theory with respect to when the negligence, strict liability and prima facie tort claims accrued, based on the time of “contamination,” but the Appellate Division rejected it, holding that “New York courts have defined injury in a property damage context and have determined when such injury accrues in a tort-based asbestos property damage case, namely, at the latest, when the plaintiff discovered that asbestos was in the building and suffered the damage of which it complains.” (Supra, 242 AD2d, at 443.) Accordingly, the Court found that “tort claims” were time barred.
The Appellate Division next turned to plaintiffs restitution and indemnity claims. It dismissed these causes of action, not because they were time barred, but because, like the restitution and indemnity claims in 888 (supra), the only duties the MRI defendants were alleged to have breached were the same duties from which the time-barred claims arose, i.e., plaintiff did not make out any true indemnity and restitution claims. The Court in MRI noted that the allegations in the complaint with respect to the indemnity and restitution claims were *840 “identical to those in the [888] complaint,” and quoted its own discussion in LIA II (supra) of 888’s indemnity and restitution claims. (Supra, 242 AD2d, at 445.)
The Court of Appeals affirmed, adhering to its well-settled holding that “a cause of action in a toxic exposure case accrues upon initial exposure to the toxic substance.” (MRI Broadway Rental v United States Min. Prods. Co., 92 NY2d 421, 424, supra.)
In these summary judgment motions, defendants claim that, in MRI (supra), the Court of Appeals held that all claims made in connection with toxic exposure, including claims for indemnity, restitution and fraud, accrue at the time of exposure. This case is distinguishable from MRI. The Court of Appeals only addressed claims directly arising from injuries from exposure to toxic substances: negligence, product liability claims, etc. True restitution and indemnity claims, however, do not arise from a party’s exposure, but rather from a quasi-contractual obligation of the defendant to the plaintiff, when the plaintiff has expended resources on behalf of exposed third parties, and those resources should have been expended by the defendant. As the Appellate Division stated in LIA II (222 AD2d 119, 124, supra), and the Court of Appeals stated in McDermott (50 NY2d, supra, at 218), equitable, quasi-contractual claims like indemnity and restitution accrue when the plaintiff suffers loss. As discussed above, in LIA II the Appellate Division explicitly rejected defendants’ argument that, under 888 (199 AD2d 50, supra), the indemnity and restitution claims in this case must fail because the underlying tort-based claims are time barred. (City of New York v Lead Indus. Assn., 222 AÍD2d, at 127.) The Appellate Division reiterated this in MRI (242 AD2d, supra, at 445). In its unanimous affirmance, the Court of Appeals in MRI did not suggest it disagreed with the Appellate Division’s holding in LIA II or its own precedent in McDermott. Nor did the Court of Appeals question the distinction that the Appellate Division drew between the facts of this case, with NYCHA’s true indemnity and restitution claims arising from the agency’s statutory duty to abate the lead hazard, and those of both 888 and MRI, with their “counterfeit” indemnity and restitution claims.
Accordingly, the Court of Appeals holding in MRI (supra) is inapposite here, inasmuch as the Court did not address restitution and indemnity claims in that decision and did not intend to change the well-settled rule that such claims accrue when the plaintiff suffers loss. Likewise, the fraud claim, which the *841 Appellate Division found to be timely under CPLR 213 (8) in LIA I (190 AD2d 173, 177, supra) was unaffected by MRI.
While it is not necessary to reach the issue of whether the law of the case doctrine bars defendants’ motions, the court notes that the record is ambiguous on this point. The law of the case doctrine does not absolutely preclude reconsideration when an intervening decision of a higher court calls into question a prior order. (See, Vinciguerra v Jameson, 208 AD2d 1136, 1137-1138 [3d Dept 1994]; Szajna v Rand, 131 AD2d 840, 840-841 [2d Dept 1987].) However, in this case, the Appellate Division in LIA I (supra) and LIA II (supra) has explicitly found that the restitution, indemnity and fraud claims NYCHA asserts here are viable. For that reason, I also find that the law of the case bars reconsideration, and I am bound by the prior decisions.
For the reasons set forth above, the motions and cross motions of defendants for summary judgment are denied.

. Reply mem in support of defendants’ motion for summary judgment.

. At the time there were three plaintiffs: NYCHA, the City of New York and the New York City Health and Hospitals Corporation. In 1998 through 1999, the latter two parties discontinued their claims.